

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CHRISTOPHER BERNARD WILLIAMS, | § | No. 08-22-00212-CR |
| Appellant, | § | Appeal from the |
| v. | § | 264th Judicial District Court |
| THE STATE OF TEXAS, | § | of Bell County, Texas |
| Appellee. | § | (TC# 82604) |

**MEMORANDUM OPINION**

A jury convicted Appellant Christopher Bernard Williams of family-violence assault by strangulation. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B). The trial court assessed punishment at seven years' confinement and entered a judgment of conviction in accordance with the jury's verdict. This appeal ensued. We affirm the trial court's judgment.[1]

**I.**

Appellant's court-appointed appellate counsel has filed a motion to withdraw supported by a brief that concludes the appeal is frivolous and without merit. The brief meets the requirements of an Anders brief by presenting a professional evaluation of the record and a demonstration of

---

[1]This case was transferred from our sister court in Austin (Third District), and we decide it in accordance with the precedent of that court to the extent required by TEX. R. APP. P. 41.3.

why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009).

Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response brief should he desire, and provided, as well, a motion to assist appellant in obtaining the record from this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (setting forth duties of counsel); *see also Anders*, 386 U.S. at 744. Appellant has not filed a motion to obtain the record. And, to date, he has not filed a pro se response brief, nor requested an extension of time to file a response.

We have conducted an independent review of the record—including the trial record and appellate counsel's brief—and we agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *Nickerson v. State*, No. 08-22-00018-CR, 2022 WL 2866011, at *2 (Tex. App.—El Paso July 21, 2022, no pet.) (not designated for publication).

## II.

As a final matter, we note the trial court certified Appellant's right to appeal, but the certification does not bear Appellant's signature indicating he was informed by that court of his right to file a pro se petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 25.2(d). The certification is defective and has not been corrected by Appellant's attorney or the trial court. To remedy this defect, this Court ORDERS Appellant's attorney, pursuant to TEX. R. APP. P. 48.4, to send Appellant a copy of this opinion and this Court's

2

judgment, to notify Appellant of his right to file a pro se petition for discretionary review, and to inform Appellant of the applicable deadlines. *See* TEX. R. APP. P. 48.4; 68. Appellant's attorney is further ORDERED to comply with all requirements of TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35.[2]

Otherwise, we determine that counsel has met the requirements for withdrawal. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318-20. No substitute counsel will be appointed. In the event Appellant wishes to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. To that end, any petition for discretionary review must comply with Rule 68.4 of the Texas Rules of Appellate Procedure. Additionally, any petition for discretionary review must be filed in the Court of Criminal Appeals within 30 days from either the date of this opinion or the date of this Court's denial of the last timely filed motion for rehearing. *See* TEX. R. APP. P. 68.2; 68.3.

## CONCLUSION

We affirm Appellant's conviction and sentence, and we grant appellate counsel's motion to withdraw.

GINA M. PALAFOX, Justice

March 30, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)

---

[2] The duty to send Appellant a copy of this Court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d 403, 411 n.33 (Tex. Crim. App. 2008).